L. CHARLES WRIGHT, Retired Appellate Judge..
This is an appeal from a modification of child custody.
The parties were married in 1988. They separated in March 1990. The child at issue was born in June 1990. The parties divorced in September 1990. The parties agreed that they would share “joint custody,” with the mother having physical custody.
In May 1994 the father filed a petition for modification, seeking custody of the child. Following a pendente lite hearing, the father was awarded custody of the child. The same result followed the final hearing. The mother appeals.
The mother asserts that the trial court erred in awarding custody to the father.
Although the parties agreed to share custody of the child, the mother was awarded physical custody. The standard applicable in a modification of such a situation is that expounded in Ex parte McLendon, 455 So.2d 863 (Ala.1984). Hovater v. Hovater, 577 So.2d 461 (Ala.Civ.App.1990). The *652 party seeking to modify a prior custodial decree bears the stringent burden of proving that the proposed change in custody will materially promote the child’s best interests and welfare. The benefits of moving the child must outweigh the traumatic effects caused by uprooting the child from the present custodian. Ex parte McLendon.
The record reflects that both parties remarried in 1991. The mother and her husband have an additional child. The father and his second wife do not have any children.
During the weekend prior to the filing of the petition, the mother and her husband got into an argument. She left her husband and went to Georgia with a twice-convicted felon, who had been in and out of jail. She was picked up by the Georgia police for questioning. Apparently, the convicted felon had stolen guns.
The mother’s husband filed a petition for divorce. On the same day that the father’s petition to modify was filed, an order was entered in the husband’s divorce action, restraining the mother from contacting, threatening, abusing, or intimidating their minor child. The husband offered an affidavit to support his request, in which he indicated that the mother disciplined the child too harshly, had an extremely short temper, and associated with a twice-convicted felon.
After the filing of the petition to modify, but prior to the hearing, the mother and her husband reconciled. At the time of the hearings they were seeing a marriage counselor.
The mother is handicapped and must use a wheelchair. She injured her spinal cord in a suicide attempt when she was 18 years old. She survives financially on Social Security benefits, child support, and income from her present husband. There was testimony that they had financial difficulties. There were numerous bills that were unpaid, and their utilities had occasionally been disconnected. The mother was not employed.
There was evidence presented that the mother’s living quarters were filthy and that the child was filthy when the father picked him up for visitation.
Other testimony questioning the mother’s ability to properly care for the child included: a neighbor’s testimony that the mother had left her children locked in the house without any supervision (the children were 4 and 2); a friend’s testimony that she smoked marijuana with the mother in the mother’s house on a number of occasions; testimony that the mother enjoyed partying and had people coming and going at all hours of the night; testimony that the mother had bad check warrants outstanding and that she had lost her driver’s license because she did not appear for a court date; testimony that the mother was not emotionally stable; and testimony that she was violent. The mother’s present mother-in-law testified that the mother was a bad mother and a poor housekeeper. The majority of this testimony was undisputed.
The father is employed as a police officer with the Auburn police. His present wife is employed as a nurse. There was testimony that the child’s demeanor and appearance had improved since he had been living with the father. He was enrolled in day care and was doing quite well. There were allegations that the father had smoked marijuana previously and had sought sexual favor from the mother after their divorce. The father disputed that testimony.
In changing custody, the trial court found the following:
“The testimony elicited at these two hearings showed that the [mother] presently has an unstable marriage, has associated with drug users and a criminal, keeps a nasty house and that she is a ‘party-type person.’
“The [father] is a police officer with the City of Auburn, has remarried, and has a stable and wholesome home environment for this child.
“The overwhelming weight of the testimony convinces this court that a change in physical custody is warranted.
“The court finds that there has been a material change in circumstances and that it would materially promote the best interest and welfare of the child that he be placed in the legal and physical custody of [the father]. Any disruptive effects of a change in custody are clearly outweighed *653 by the benefits which would accrue to the child. It is in the best interest of the child that he be placed with the [father].”
The mother contends that the evidence did not support a change in custody. The trial judge heard the testimony and observed the witnesses. This court has considered the record — all 640 pages. The presumption of correctness attached to the findings of fact by the trial court is not overcome. We, therefore, affirm its judgment.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.